**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Barnes and Carl Barnes, | |
| Plaintiffs, | No. CV-11-2157-PHX-PGR |
| vs. | |
| TA Operating LLC, | ORDER |
| Defendant. | |

In a complaint filed on November 1, 2011, the plaintiffs allege that the Court has diversity of citizenship jurisdiction over this personal injury action pursuant to 28 U.S.C. § 1332.[1] Having reviewed the complaint, the Court finds that the diversity-related jurisdictional allegations therein are patently insufficient as a matter of law to establish the existence of subject matter jurisdiction. The Court will therefore require the plaintiffs to file an amended complaint properly stating a jurisdictional basis for this action. *See* 28 U.S.C. § 1653; *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The

---

[1] The complaint inexplicably alleges that the Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 notwithstanding that it is clear from the complaint that federal question jurisdiction has absolutely no applicability to this action.

established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.")

The jurisdictional allegation concerning the citizenship of the plaintiffs, which is merely that they are "residents of Roscommon, Roscommon County, Michigan," is facially deficient as a matter of law because it has long been established that an allegation of residency does not suffice for purposes of § 1332. *See* Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction."); *accord*, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

The jurisdictional allegation concerning the defendant, which is merely that it is "a Delaware Limited Liability Company authorized to do and doing business in the State of Arizona as Petro Shopping Centers," is also facially deficient as a matter of law inasmuch as the citizenship of a limited liability company for purposes of § 1332 is the citizenship of each of its members. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)

("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")  Since the complaint fails to set forth the citizenship of any member of the defendant limited liability company, the Court will require the plaintiffs to specifically identity in their amended complaint each LLC member by name, specifically allege the type of business entity that any non-individual member is, and affirmatively allege the state of citizenship of each member.[2]

The plaintiffs are advised that their failure to timely or sufficiently comply with this order will result in the dismissal of this action for lack of subject matter jurisdiction.  Therefore,

IT IS ORDERED that the complaint in this action is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the plaintiffs shall file an amended complaint properly stating a jurisdictional basis for this action no later than **November 14, 2011.**

IT IS FURTHER ORDERED that the plaintiffs shall immediately provide a copy of this order to any defendant already served with process.

DATED this 2nd day of November, 2011.

Paul G. Rosenblatt
United States District Judge

---

[2] Since only a corporation or an individual may be a citizen for purposes of § 1332 jurisdiction, the amended complaint must set forth any sub-layers of partners or members the limited liability company may have.